IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANCES SHEAKLEY,<br><br>    Defendant. | Case No. J03-0013 CR (RRB)<br><br>DENIAL OF "PETITION FOR <u>WRIT OF HABEAS CORPUS</u>" |

On November 21, 2005, Frances Sheakley sent to the Court what she has titled a "petition for writ of habeas corpus." The pleading submitted to the Court, however, alleges actions which may constitute a civil rights action, under 42 U.S.C. § 1983, rather than grounds for habeas relief.

<u>Failure to Protect</u>

Ms. Sheakley alleges that officials at Lemon Creek Correctional Center failed to protect her, and in fact, encouraged another inmate to assault her. Prisoners are entitled to be protected from bodily harm.[1] "Prison officials have a duty to take

---

[1] *See Estate of Amos v. City of Page, Arizona*, 257 F.3d 1086, 1090 (9th Cir. 2001) ("the 'special relationship' exception [to the general rule that a state's failure to protect an individual from danger does not constitute a violation of the

reasonable steps to protect inmates from physical abuse."[2] To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.[3]

To demonstrate that a prison official was "deliberately indifferent" to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."[4] To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.[5]

The United States Supreme Court has explained as follows:

> In particular, as the lower courts have uniformly held, and as we have assumed, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (CA1) (internal quotation marks and citation omitted), cert. denied, 488 U.S. 823 (1988); see also *Wilson v. Seiter*, 501 U.S., at 303

---

Due Process Clause] states that 'when the State takes a person into its *custody* and holds him there against his will, the Constitution imposes some responsibility for [that person's] safety and general well-being.'"), quoting *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058-59 (9th Cir.1998).

[2] *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982) (citation omitted); see also *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

[3] See *Farmer*, 511 U.S. at 834; *Willis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995).

[4] *Farmer*, 511 U.S. at 837.

[5] See *id*. at 841-42.

(describing "the protection [an inmate] is afforded against other inmates" as a "conditio[n] of confinement" subject to the strictures of the Eighth Amendment).  Having incarcerated "persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct," *Hudson v. Palmer*, *supra*, 468 U.S., at 526, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course.  Cf. *DeShaney*, *supra*, 489 U.S., at 199-200; *Estelle*, *supra*, 429 U.S., at 103-104.[6]

### Medical Care

Ms. Sheakley also claims that she was denied adequate medical care for injuries sustained during the attack.  Ms. Sheakley is cautioned that it is much harder to state a claim under federal law, than to state a claim for medical malpractice under state law, and that she may want to consider filing a medical malpractice lawsuit in **state court** for this claim.  Tto state a claim based upon inadequate medical care under the Eight Amendment to the Constitution, Ms. Sheakley must allege facts showing **deliberate indifference** to serious medical needs.  This claim must involve **more than malpractice**.[7]  A difference of opinion between medical officials, or between prison doctors and the inmate, does not establish deliberate

---

[6] *Farmer*, 511 U.S. at 833.

[7] See *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Hallett v. Morgan*, 287 F.3d 1193, 1205 (9th Cir. 2002) ("First, [Plaintiffs] must prove that Defendants have deprived them of the 'minimal civilized measure of life's necessities.' ... Second, Plaintiffs must demonstrate that Defendants acted with 'deliberate indifference' in doing so.") (citations omitted); *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992) (Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment.") (citations omitted).

indifference unless the prisoner demonstrates that the course of treatment was chosen with conscious disregard to the inmate's health.[8]

Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying needed medical care to a prisoner only if the person "knows of and disregards an excessive risk to inmate health and safety."[9] If the defendant should have been aware of the risk, but was not, s/he has not violated the Eighth Amendment, no matter how severe the risk.[10] But if the defendant is aware of a substantial risk of serious harm, s/he may be liable for neglecting a prisoner's serious medical needs on the basis of action **or** inaction.[11]

The Ninth Circuit looks at two elements in cases alleging deliberate indifference to a prisoner's medical needs: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."[12] A medical need is serious, and in violation of the Eighth Amendment, if the failure to treat the inmate's condition could result in further significant injury or the "unnecessary and

---

[8] See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

[9] Farmer v. Brennan, 511 U.S. at 825, 837 (1994).

[10] See Jeffers v. Gomez, 267 F.3d 895, 914 (9th Cir. 2001).

[11] See Farmer, 511 U.S. at 842.

[12] McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (denial of treatment for serious medical needs violates the Constitution; delay of, or interference with treatment, violates the Constitution if it leads to further serious injury).

wanton infliction of pain."[13]  As explained by the Ninth Circuit, the "Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable."[14]  The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain," which includes sanctions that are "so totally without penological justification that [they result] in the gratuitous infliction of suffering."[15]

## Habeas Relief

The grounds for habeas relief are narrowly limited.[16]  To bring a habeas action, Ms. Sheakley must show either (1) that her sentence was imposed illegally; (2) that the court lacked jurisdiction to impose the sentence; (3) that the sentence imposed exceeds the maximum authorized by law; or (4) that the sentence is "otherwise subject to collateral attack."[17]  Simply put, "[c]laims seeking release from custody can be brought under § 2255; claims seeking other relief cannot."[18]

---

[13] *Id*. (citing *Estelle v. Gamble*, 429 U.S. at 104).

[14] *Hallett v. Morgan*, 287 F.3d at 1205.

[15] *Hoptowit v. Ray*, 682 F.2d at 1246 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

[16] *See United States v. Addonizio*, 442 U.S. 178, 184 (1979).

[17] *See* 28 U.S.C. § 2255; *Addonizio*, 442 U.S. at 185; *United States v. Mett*, 65 F.3d 1531, 1537 (9th Cir. 1995).

[18] *U.S. v. Thiele*, No. 01-15483, 2002 WL 31866171 at *2 (9th Cir. Dec 24, 2002) ("Nor does it matter that Thiele couched his restitution claim in terms of ineffective assistance of counsel.").

Nothing in the document submitted to the Court suggests that Ms. Sheakley intended to file an action for habeas relief, and she has alleged no cognizable grounds for relief.

### Filing a Civil Rights Complaint

Therefore, Ms. Sheakley's "petition for writ of habeas corpus" must be denied. Her copies will be returned to her, and she may file a civil rights complaint, under 42 U.S.C. § 1983. In her complaint, she must state, specifically, what defendants did or did not do which she believes constitutes a legal wrong, and what specific relief she seeks from the Court. The Court has attached a form to assist Ms. Sheakley in drafting the complaint in compliance with this Order. In completing this civil rights form, Ms. Sheakley must give **dates and facts** in support of each claim. Ms. Sheakley should state the facts in her own words, as if she were briefly telling someone what happened. The facts must specifically allege how **each** individual defendant has harmed her. The defendant(s) cannot be the State of Alaska or any state agency,[19] but must be individual officials involved in causing her injury.[20]

---

[19] *See Brooks v. Sulphur Springs Valley Elec. Co-op*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992) (citations omitted); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 66 (1996); *Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).

[20] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Because Ms. Sheakley asked for money damages, she must be able to make allegations of personal participation against specific individuals. *See, e.g., Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988); *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) (citation omitted).

## Waiving Prepayment of the Filing Fee

If Ms. Sheakley cannot afford to pay the $250.00 filing fee in this action, she should also file an application to waive prepayment of the filing fee. Under the Prison Litigation Reform Act, as a prisoner, Ms. Sheakley is now required to pay the full federal court filing fee of $250.00 for a civil case in installments.[21] Ms. Sheakley must pay an initial filing fee of 20 percent of the greater of (a) the average monthly deposits to her prison or jail account for the six months immediately before filing the lawsuit; or (b) the average monthly balance in her prison or jail account for that same six month period. The institution with custody of Ms. Sheakley will deduct the money, when funds are available, from her account and send the money to the Court as ordered. Ms. Sheakley will then owe monthly payments in the amount of twenty percent of the past month's income from her trust account each time the amount in the account exceeds $10.00, until the statutory filing fee of $250.00 is paid in full.[22] Responsibility for collecting these fees and submitting them to the Court lies with the agency that has custody of the prisoner.

The Court must have full and complete information about Ms. Sheakley's financial status in order to compute the initial installment payment, and the Court has developed a form to obtain all the information it needs to make the computation. Ms. Sheakley may file an application on the enclosed (current) Court form, including all

---

[21] See 28 U.S.C. § 1915(b).

[22] See 28 U.S.C. § 1915(b).

of the required documentation. Ms. Sheakley must answer all questions on the application fully, completely and directly, or the application will be denied If a question does not apply, answer "N/A"; otherwise answer "yes" or "no", check all applicable boxes, fill in all blanks, and provide complete information as requested.[23]

Whether or not a prisoner has paid all or part of the filing fee, the Court must dismiss a case if a prisoner's "allegation of poverty is untrue."[24] Also, the Court must dismiss if it decides that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[25] Ms. Sheakley is cautioned that, if her case is dismissed, **no part of the fee will be returned**; instead, the Court will continue to collect the fee until it is **paid in full**.

Finally, **a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."**[26]

---

[23] See id.

[24] 28 U.S.C. § 1915(e)(2)(A).

[25] 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A.

[26] 28 U.S.C. § 1915(g); see also, Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997) ("Section 1915(g)'s cap on prior dismissed claims

**IT IS HEREBY ORDERED that:**

1. Ms. Sheakley's "petition for writ of habeas corpus" is DENIED without prejudice to filing a civil rights complaint alleging the grounds stated in this "petition."

2. If Ms. Sheakley decides to proceed with a civil rights action, she may file a complaint on the enclosed prisoner's civil rights complaint form, as set forth in this Order.

3. The Clerk of Court is directed to send form PS01, Prisoner's Complaint Under the Civil Rights Act, with instructions, to Ms. Sheakley with this Order.

4. Ms. Sheakley may file an application to waive prepayment of fees on the enclosed form, **including all the requested documentation**, at the time she files her civil complaint, as set forth in this Order; otherwise she must pay the Court's $250.00 filing fee at that time.

5. The Clerk of Court is directed to send form PS10, Prisoner's Application to Waive Prepayment of Fees, with instructions, to Ms. Sheakley with this Order.

---

applies to claims dismissed both before and after the statute's effective date. Therefore, regardless of the dates of the dismissals, the analysis is the same: three prior dismissals on the stated grounds equals no in forma pauperis status in new filings, unless the prisoner is in imminent danger of serious physical injury").

6. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Ms. Sheakley with this Order.

DATED this 7th day of February, 2006, at Anchorage, Alaska.

/S/RALPH R. BEISTLINE
United States District Judge